Matter of Chheda (2025 NY Slip Op 51310(U))

[*1]

Matter of Chheda

2025 NY Slip Op 51310(U)

Decided on August 20, 2025

Surrogate's Court, Erie County

Mosey, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2025
Surrogate's Court, Erie County

In the Matter of the Estate of Girish B. Chheda Deceased.

File No. 1992-4048/T1

SANJAY CHHEDA and SHOBHINA CHHEDA
Petitioners Appearing Pro Se

Acea M. Mosey, S.

Girish B. Chheda, a cancer research scientist at Buffalo, New York's Roswell Park Cancer Institute, died at age 58 on August 13, 1992, survived by his wife, Kokila, and by three children [Sanjay, Shobhina and Milan]. His Will, dated December 27, 1990, was admitted to probate in 1992 by this Court [Mattina, J.].
Insofar as relevant here, decedent left his household personal property to his wife, Kokila. Article THIRD of the Will divided the balance of the estate into two parts. Share No. 1 — "equal to the largest federal taxable estate [amount] possible, without resulting in any federal estate tax payable" — was paid over to decedent's testamentary trustees (see Article FOURTH), and Share No. 2 — the balance of the residuary estate after taking out the amount for Share No. 1 — was left outright to Kokila.
Article FOURTH of the Will (attached hereto as Appendix A), directed that the net income from the trust be paid to Kokila in quarterly installments. Additionally, the trustees [FN1]
were directed as follows:
"Furthermore, there shall be paid to my said wife during her lifetime, out of the principal of Share No. 1, such amounts or all of the principal of this trust, as the Trustees may determine, in their sole discretion, as may be necessary or appropriate to provide adequately for all medical and other major health expenses and/or emergencies, support, education, comfort, well-being, and maintenance of my said wife. I direct that all of my said wife's needs shall be adequately met" (emphasis added).
In addition, certain educational expenses of his children, a specified amount for a vehicle for Sanjay, limited wedding expenses for each of his children, plus a limited amount for each child to make a pilgrimage to India, were all authorized to be made by the trustees from the principal of the Share No. 1 trust.
Upon Kokila's death, the balance remaining in the trust is to be distributed to decedent's three children equally.
Pending now before me is a petition by the co-trustees, Sanjay and Shobhina, who seek the appointment by this Court of Sheila Gulati [hereafter, Sheila] as an additional co-trustee to serve with Sanjay and Shobhina. The co-trustees urge that Article TENTH (T) of decedent's Will permits any co-executors or trustees to delegate "any or all of his or her powers, duties and discretions to any other co-Executor or Trustee by an instrument in writing", implying, as I read the papers, that decedent anticipated the possibility of a co-trustee serving who was not otherwise nominated by him under the Will.[FN2]

The petition requests that this Court, pursuant to SCPA 1502, "appoint Sheila Gulati as a Co-Trustee so that the Trust may have an Authorized Trustee as defined by EPTL 10-6.6 and who may further undertake decanting under the statute" (emphasis added). This was explained by Sanjay in a May 20, 2025 email to the court, as follows:
"The current trustees (myself and my sister) are also beneficiaries of the trust. . . . Note that: Kokila [Co-Trustee's mother and testator's wife] is still alive but that eventually any remaining proceeds in the trust after her death would go to me, my sister and my brother. Note also that me and my siblings are all over the age of 30, so the provision in the trust that allows for discretionary distributions to each of us for health, education and maintenance no longer apply. Our counsel saw the main issue as me and my sister being eligible to receive principal from the trust eventually.
Therefore we were advised by counsel that we needed a disinterested co-trustee to decant" (emphasis added).[FN3]
Kokila and Milan have consented to the relief being sought, the matter is finally submitted, and I now find and decide as follows.
(I)
EPTL 10-6.6 provides the statutory framework for decanting trusts. "Decanting" is the process of invading and "pouring" the assets of one irrevocable trust into a second irrevocable trust to "effectively modify troublesome or outdated provisions [with new] provisions . . . better tailored to achieve the original trust's objectives" (Bogert's The Law of Trusts and [*2]Trustees, May 2025 update, § 567, citing Restatement Third, Property: Will and Other Donative Transfers § 19.14, emphasis added).
EPTL 10-6.6 allows an authorized trustee with absolute discretion to invade the principal of a trust in order to "decant." The process of invading the principal is subject, however, to certain statutory limitations and requirements. The establishment of the new, decanted trust must follow the intentions set out in the original trust, acting in the best interests of the beneficiaries:
"any invasion of the trust must still honor the settlor's wishes. Essentially the trustee 'cannot exercise the power . . . if there is substantial evidence that the creator would not have wanted the change'" (David Roestrepo, "Note and Comment: New York's Decanting Statute: Helping Old Vintage Come to Life or Spoiling the Settler's Fine Wine?", 34 Pace L. Rev. 479, 491 [Winter, 2014], citing and quoting Margaret Valentine Turano, Supplemental Practice Commentaries, in NY Est. Powers & Trusts § 10-6.6 ([Mckinney 2002 & Supp. 2014], emphasis added).
Moreover, "most statutes provide that the new trust may not accelerate the original trust's beneficial interests" (Bogert's The Law of Trusts and Trustees, supra, §567; see also, EPTL 10-6.6[s][4]). Furthermore, EPTL 10-6.6(n)(1) precludes decanting which would "reduce, limit or modify any beneficiary's current right to a mandatory distribution of income or principal" (emphasis added). Here, decanting would clearly reduce or modify the amount of either income or principal available to Kokila, something which I find is precluded by statute and would be contrary to decedent's wishes.
EPTL 10-6.6 (h) requires an authorized trustee to exercise his or her fiduciary duty in the best interests of the beneficiaries and to uphold the testator's intent as expressed in the original trust instrument:
"An authorized trustee exercising the power under this section has a fiduciary duty to exercise the power in the best interests of one or more proper objects of the exercise of the power and as a prudent person would exercise the power under the prevailing circumstances. The authorized trustee may not exercise the power under this section if there is substantial evidence of a contrary intent of the creator and it cannot be established that the creator would be likely to have changed such intention under the circumstances existing at the time of the exercise of the power. The provisions of the invaded trust alone are not to be viewed as substantial evidence of a contrary intent of the creator unless the invaded trust expressly prohibits the exercise of the power in the manner intended by the authorized trustee" (emphasis added).[FN4]
Here, in addition to the trust directives, the record before me does not show any deviation or attempted deviation from the distribution formula set out in the Share No. 1 trust in the over thirty (30) year since decedent's death. It is clear, then, that everyone involved in decedent's [*3]family, including all the trustees, understood that decedent's distribution formulation was intended by him to be adhered to without deviation or modification.
Inasmuch as the current co-trustees are also beneficiaries of the testamentary trust, they are disqualified from acting as "authorized" for decanting purposes because trust beneficiaries are statutorily excluded. As such, the co-trustees have now petitioned for Sheila's appointment as co-trustee so that she may decant.
Under SCPA 1502, this Court may appoint a co-trustee "upon the application of any person interested" (SCPA 1502[4]) but "shall not appoint a trustee, successor or co-trustee if the appointment would contravene the express terms of the will " (SCPA 1502[2], emphasis added). So, here, the issue is whether it is proper for this Court to appoint a non-beneficiary third-party trustee for the Article FOURTH [A] trust so that such trustee may decant that trust, potentially circumventing its terms.

(II)
It is clear that, until she dies, Kokila is entitled under the trust, without limitation, to have "all of [her] needs . . . adequately met" from the trust principal. Furthermore, during Kokila's lifetime, only limited, and specifically delineated, payments can be made from the trust to Sanjay, Shobhina and Milan.
If this Court were, therefore, to appoint a co-trustee so that the trust could then be decanted, the entire trust scheme — and decedent's clearly expressed intent — would be violated. Decanting would likely reduce the amount of trust income available to Kokila. It would also reduce the principal amount available to meet all of her needs — and meeting all such needs is the absolute mandate of the Will's terms.
It may well be that one or more of decedent's three children would like to benefit now by receiving payments from the trust in ways not specifically authorized. Their father — decedent — directed otherwise in his Will, and this Court cannot permit decedent's intent to be circumvented by, in effect, authorizing the decanting ultimately contemplated.[FN5]
However, that is the only reason to appoint a non-family member co-trustee at this point, as the co-trustees, with commendable candor, have made clear. 
If a non-beneficiary co-trustee were appointed to carry out that purpose, this Court would be giving judicial imprimatur to something that is clearly improper under the Will and something entirely contradictory to decedent's clearly expressed intentions. I decline to do so.
Accordingly, the relief sought in the petition must be, and it hereby is, denied in all respects.
This decision shall constitute the Order and Decree of this Court and no other further order or decree shall be required.
DATED: August 20, 2025
Buffalo, New York
HON. ACEA M. MOSEY
Surrogate Judge

Footnotes

Footnote 1:Under Article Twelfth of the Will, decedent nominated and appointed his wife, Kokila, "and my surviving . . . children, as Trustee of the trust . . . in clause 'Fourth A'", the Share No. 1 trust. This Court [Mattina, J.] appointed Kokila, Milan, Shobhina and Sanjay as co-trustees on November 18, 1992. Thereafter, in June, 2011, Kokila and Milan petitioned to resign as co-trustees. This Court [Howe, J.] granted that request by decree dated September 9, 2011, and issued [successor] letters of trusteeship that same date to Shobhina and Sanjay.

Footnote 2:I do not agree with how I perceive the co-trustees are construing Article TENTH (T). That said, Article TENTH (T) is not relevant to the issue pending now before me.

Footnote 3:The reference by Sanjay to "discretionary distributions" to himself and his siblings "for health, education and maintenance" would only have came into play if Kokila has died before each of the children had turned 30 and the then corpus of the trust would have remained in the trust. In that situation, the trustee(s) could have made the "discretionary distributions" referred to by Sanjay.

Footnote 4:EPTL 10-6.6 (s)(2) defines "authorized trustee" as "any trustee or trustees with authority to pay trust principal to or for one or more current beneficiaries other than (i) the creator, or (ii) a beneficiary to who income or principal must be paid currently or in the future" (emphasis added).
Footnote 5:If the contemplated decanting is not intended to allow present payments to Sanjay, Shobhina and Milan beyond those limited amounts set out in the Will, there would be absolutely no point to the decanting.